# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|                                      |     |                          |
|--------------------------------------|-----|--------------------------|
| KENNETH RUCKER,                      | )   |                          |
|                                      | )   |                          |
| Plaintiff,                           | )   |                          |
|                                      | )   |                          |
| v.                                   | )   | Docket No. 06-CV-02-P-S  |
|                                      | )   |                          |
| LEE HOLDING CO. D/B/A LEE            | )   |                          |
| AUTO MALLS                           | )   |                          |
|                                      | )   |                          |
| Defendant.                           | )   |                          |
|                                      | )   |                          |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

SINGAL, Chief District Judge

Before the Court is a Motion to Dismiss filed by Defendant Lee Holding Company ("Lee") against Plaintiff Kenneth Rucker (Docket # 4).  As explained below, the Court GRANTS the Motion.

## I.    LEGAL STANDARD

In accordance with the standard for a motion to dismiss, the Court accepts as true Plaintiff's well-pleaded factual averments and draws "all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory."  Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991).  When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Nicolaci v. Anapol, 387 F.3d 21, 24 (1st Cir. 2004).  It may only dismiss the Complaint if it appears beyond doubt that Plaintiff can prove

no set of facts that would entitle him to relief under any viable legal theory.  McLaughlin v. Boston

Harbor Cruise Lines, Inc., 419 F.3d 47, 50 (1st Cir. 2005); see Fed. R. Civ. P. 12(b)(6).


## II.      BACKGROUND

The parties agree on the basic facts of the case.  Plaintiff Kenneth Rucker was employed by

Defendant Lee Holding Company ("Lee") for approximately five years, but then left Lee and

remained away for approximately five more years.  On June 4, 2004, after that five-year absence,

Lee rehired Rucker.  Rucker worked full-time for Lee, averaging 48 hours a week, until on or

about January 20, 2005, when he suffered a back injury.  From January 20 until March 7, 2005,

Rucker took time off from work to undergo treatment for his condition, and missed approximately

13 days of work during that time.  On March 7, 2005, Lee discharged him, and for purposes of the

Motion, the Court assumes as true Rucker's allegation that he was discharged solely for taking

leave to undergo treatment for his medical condition.  On January 5, 2006, Rucker filed this action

alleging that Lee violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.

("FMLA"), by terminating his employment for taking medical leave under the FMLA.


## III.     DISCUSSION

Under the FMLA, employees suffering from certain serious health conditions are entitled to

a total of twelve weeks of leave during any given twelve-month period.  29 U.S.C. § 2612(a)(1).

Employees who take leave under the FMLA are entitled to be reinstated to their former position or

its equivalent upon their return to work.  Id.  Employers are required to grant FMLA leave to all

"eligible" employees.  To be considered eligible, an employee must have been employed by the

employer for at least 12 months, and have worked at least 1,250 hours during the previous 12-

month period.  29 USCS § 2611(2)(A).   The determination of eligibility is "made as of the date leave commences."  29 C.F.R. § 825.110(d).

Plaintiff claims that he was wrongly terminated because he was an eligible employee absent on FMLA medical leave for fewer than twelve weeks.  Defendant's Motion to Dismiss, however, argues that Rucker was not entitled to leave because he was not an eligible employee under the FMLA at the time he took his leave.  Although both parties agree that Plaintiff had worked at least 1,250 hours during the twelve months prior to his termination, they disagree as to whether he had been employed by Defendant for at least twelve months at the time the leave commenced.

Plaintiff freely admits that his most recent employment with Defendant began on June 5, 2004, and that he began taking leave approximately seven months later, on January 20, 2005.  This would clearly not satisfy the requirement that Plaintiff be employed for at least twelve months. The critical issue is therefore whether Plaintiff can include the five years that he had worked for Defendant in the past in determining his eligibility, despite the fact that in the intervening five years between the first and second periods in the Defendant's employ he was either not employed or employed elsewhere.

Plaintiff claims that the clear wording of the regulation would allow such an accumulation, noting that it states that "the 12 months an employee must have been employed by the employer need not be consecutive months."  29 C.F.R. § 825.110(b).  The Court does not read the regulation so liberally.

The regulation on its face does not give any indication that two periods of employment, separated by a conceivably limitless amount of time, can be grouped to make an otherwise ineligible employee eligible.  Rather, the regulation appears to be taking into account the fact that

brief interruptions in an employee's attendance should not affect an employee's eligibility. Immediately following the sentence stating that the twelve months need not be consecutive, the regulation notes that:

> if an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment. For purposes of determining whether intermittent/occasional/casual employment qualifies as "at least 12 months," 52 weeks is deemed to be equal to 12 months.

This regulation clearly contemplates that twelve non-consecutive months are adequate to establish eligibility for an employee who maintains an ongoing relationship with his employer, and whose attendance might be interrupted by brief periods. While it accommodates individuals whose employment might be intermittent or casual, it makes no allowance for an employee who severs all ties with the employer for a period of years before returning.

A search of the law revealed no published cases on point. A review of the congressional record similarly fails to uncover any legislative intent to allow employees to accumulate time despite periods of long separation from employment. Both the Senate and House of Representatives Reports note that the twelve-month and 1,250 hours requirements of the FMLA make ineligible "part time or seasonal employees working less than 1,250 hours a year." These reports are silent, however, as to the eligibility of full-time, year-round employees who terminate their employment completely before returning to the job at a later date. S. Rep. No. 103-3, at 23 (1993); H.R. Rep. No. 103-8(I) (1993). The Court cannot imagine that the legislature would, without discussing or debating the issue, draft a statute allowing an employee to leave an employer for years or decades, only to return and immediately become an eligible employee under the twelve-month requirement. Absent such a clear showing of intent from Congress, the Court cannot interpret the statute to contain such an onerous requirement. Because the Court concludes Plaintiff

cannot combine his most recent stint of employment with his previous five years of service, he is not an eligible employee under the twelve-month work requirement of the FMLA.


**IV.    CONCLUSION**

On this basis, the Court GRANTS Defendant's Motion to Dismiss (Docket # 4).


SO ORDERED.

                                        /s/ George Z. Singal
                                        Chief U.S. District Judge

Dated this 10th day of March, 2006.